<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| K.E.I., | : | **Civil Action No. 25-01853 (SRC)** |
| | : | |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| Defendant. | : | |
| | : | |

<u>**CHESLER, District Judge**</u>

This matter comes before the Court on appeal by Plaintiff K.E.I. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act ("Act").   This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 78.1(b), finds that the Commissioner's decision will be **VACATED and REMANDED.**

## I. BACKGROUND

In brief, this appeal arises from Plaintiff's application for benefits, alleging disability beginning May 2, 2022.   A hearing was held before Administrative Law William T. Ross (the "ALJ") on December 20, 2023, and the ALJ issued an unfavorable decision on May 24, 2024. Plaintiff sought review of the decision from the Appeals Council.   After the Appeals Council denied Plaintiff's request for review on January 16, 2025, the ALJ's decision became the

1

Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of May 24, 2024, the ALJ found that, at Step One, Plaintiff had not engaged in substantial gainful activity since the onset date of August 15, 2022.   Tr. 42.   At Step Two, the ALJ found Plaintiff had severe impairments of: back disorder with history of lumbar surgery, migraine headaches, history of traumatic brain injury/neurocognitive disorder, expressive language disorder, posttraumatic stress disorder (PTSD), and anxiety disorder (20 CFR 404.1520(c)).   *Id.*   At Step Three, the ALJ found Plaintiff's impairments, either singly or in combination, did not meet or medically equal the severity of any of the listed impairments set forth in the Listing of Impairments.   *Id.* at 43.   At Step Four, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) except she is able to lift and carry 20 pounds occasionally and 10 pounds frequently, as well as sit for 6 hours and stand or walk for 4 hours in an 8-hour day.   *Id.* at 46.   The ALJ further found that the claimant cannot climb ladders, ropes or scaffolding, but that she can occasionally kneel, stoop, crouch, crawl and climb stairs and ramps and balance on narrow, unsteady and erratic surfaces. *Id.*   The ALJ also found that the claimant must avoid concentrated exposure to humidity, wetness unprotected heights, and dangerous machinery, but that she can understand, remember and carry out simple instructions, she can perform simple, routine and repetitive tasks over an eight-hour workday within a normal break schedule over a 40-hour week, she can make simple work-related decisions, and she can tolerate simple routine changes in a work setting.   *Id.*   At Step Four, the ALJ also found Plaintiff is unable to perform any past relevant work.   *Id.* at 55.   At Step Five, the ALJ determined Plaintiff could perform a significant number of jobs existing in the national economy.   *Id.*   Accordingly, the ALJ concluded that Plaintiff had not been disabled within the

2

meaning of the Act.  *Id.* at 58.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded with three principal arguments: (1) the ALJ failed to properly consider critical medical opinions when formulating the residual functional capacity ("RFC") finding; (2) the ALJ failed to carry the agency's burden at Step Five of the sequential evaluation process; (3) the ALJ failed to properly weigh and consider the statements of the Plaintiff and her mother consistent with the Agency's rulings and regulations; and (4) the administrative record provides sufficient basis for an award of summary judgment in favor of Plaintiff.

## II.    LEGAL STANDARD

As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how her impairments, whether individually or in combination, amount to a qualifying disability.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).  As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination.  The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."  *Id.*  In such a case, "the claimant has the 'burden' of showing that an error was harmful."  *Id.* at 410.  Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the error, she might have proven her disability.   In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in her favor, based on the existing record, she is quite unlikely to show that an error was harmful.

3

### III.    LEGAL ANALYSIS

Plaintiff argues that the ALJ failed to adhere to Social Security Ruling 00-4p and failed to carry the Agency's burden at Step Five of the Sequential Evaluation Process.[1]  (Pl.'s Br. at 14-15).   Specifically, Plaintiff argues that the ALJ failed to identify and resolve the conflict in the vocational testimony, which was raised on cross-examination and highlighted by the Plaintiff's objection.  *Id.*   Plaintiff contends that the ALJ's limitation to understanding, remembering, and carrying out simple instructions and performing simple, routine, and repetitive tasks conflicts with the three jobs identified by the vocational expert—price marker, routing clerk, and electrical assembler—which have General Educational Development (GED) reasoning levels of 2.  *Id.* at 16-17.   Plaintiff further argues that the vocational expert, on cross-examination, acknowledged this conflict.  *Id.*   Defendant responds that because the Third Circuit has held that there is no conflict between "simple, repetitive tasks" and a "GED reasoning level of 2," there was no conflict between the ALJ's RFC determination and the jobs proffered by the vocational expert.  (Def.'s Opp. at 10).

Under SSR 00-4p, "before relying on VE or VS evidence to support a disability determination or decision, our adjudicator must: (1) Identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs or VSs and information in the Dictionary of Occupational Titles (DOT), and (2) explain in the determination or decision how any conflict that has been identified was resolved." SSR 00-4p.   "An adjudicator must resolve the

---

[1] The agency recently issued a new Social Security Ruling that rescinds and replaces SSR 00-4p and applies to determinations or decisions dated on or after January 6, 2025.  *See* SSR 24-3p, 89 Fed. Reg. 97,158, available at 2024 WL 498840.   Because the ALJ decision at issue here predates the new ruling's effective date, the new ruling does not apply to this case.

conflict by determining if the explanation given by the VE or VS is reasonable and provides a

basis for relying on the VE or VS testimony rather than on the DOT information." *Id.*

The ALJ's determination reads as follows:

> The vocational expert testified that given all of these factors the individual would be able to perform the requirements of representative occupations such as:
> - Price Marker, DOT 209.587-034, an unskilled occupation with an SVP of 2 requiring a light level of exertion comprising 45,00 jobs in the national economy; and
> - Routing Clerk, DOT 222.687-022, an unskilled occupation with an SVP of 2 requiring a light level of exertion comprising 36,000 jobs in the national economy; and
> - Electrical Assembler, DOT 729.687-010, an unskilled occupation with an SVP of 2 requiring a light level of exertion comprising 2,700 jobs in the national economy
>
> Although the vocational experts testimony is inconsistent with the information contained in the Dictionary of Occupational Titles, there is a reasonable explanation for the discrepancy. The vocational expert testified that the above job numbers were reduced by 70% to account for the reduction in standing and walking to 4 hours within a light exertional capacity in the above residual functional capacity. The vocational expert stated that her testimony with respect to the ability to perform the above jobs with standing and walking limited to 4 hours and the reduction in job numbers was based on both her professional experience and information obtained from the Bureau of Labor's Occupational Requirements Survey.
>
> Pursuant to SSR 00-4p, the undersigned has determined that the vocational experts testimony is consistent with the information contained in the Dictionary of Occupational Titles as well as the experts education, training, and personal and professional knowledge of the national labor market.
>
> Lastly, in a post-hearing brief at Exhibit 16E, the claimants representative raised an objection to the vocational experts testimony regarding availability of jobs in the national economy in response to the above hypothetical. The claimants representative

5

argues that the above jobs require Reasoning Level 2 defined as involving the ability to understand, remember, and carry out detailed but uninvolved instructions. The representative maintains that because the vocational expert stated that any kind of detailed instructions would preclude this work then therefore, there do not exist a significant number of jobs in the national economy that fall inside the hypothetical. Further, the representative stated that the vocational expert failed to identify this conflict thus further rendering her testimony questionable and should not be relied upon in an unfavorable determination (Ex. 16E).

The undersigned has considered the objection to the vocational experts testimony and is not persuaded by the representatives arguments. The undersigned takes judicial notice that Level 2 Reasoning is equivalent to reasoning at grades 4-6. Additionally, Level Reasoning 2 requires the ability to apply commonsense understating to carry out detailed but uninvolved written or oral instructions. During the hearing, the representative posed the following question to the vocational expert: given that the hypothetical calls for jobs involving only simple instructions, is it fair to assume that any job requiring any kind of detailed instructions would take it outside the hypothetical? The vocational expert responded in the affirmative (Hearing Testimony). The vocational experts affirmative response to a narrow question without the benefit of the full definition of the reasoning requirement language being questioned and thus any further context is not persuasive in this matter and nor does it render the entirety of her testimony unreliable. The representative crafted a question to the vocational expert that omitted the qualifying language of uninvolved that is used in defining the type of detailed tasks involved in Reasoning Level 2. When considering the full definition, the undersigned does not interpret Reasoning Level 2 to mean any detailed tasks would be precluded as all instructions including simple ones will contain some amount of detail but would not be complex by virtue of being simple in nature. Further, the undersigned finds that detailed but uninvolved instructions are consistent with the unskilled jobs provided above, which the vocational expert testified were within the hypothetical requiring no more than simple, routine, and repetitive instructions and tasks.

The hypothetical posed by the undersigned specifically included a limitation to short and simple instructions and tasks of a routine and repetitive nature. Short and simple instructions are typically the kind that can be learned in 30 days or less consistent with Social Security

rules and regulations. Under SSR 85-15, the basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out and remember simple instructions, to respond appropriately to supervision, coworkers and usual work situations and to deal with changes in a routine work setting. POMS DI 25001.001A.86 defines unskilled work as work that requires little or no judgment to do simple duties that a claimant can learn on the job in a short period of time (i.e., 30 days or less). The undersigned asked the vocational expert what is required for the above unskilled jobs to be learned. The vocational expert testified that the above jobs overall could be learned and done with just demonstration. The claimants attorney had the opportunity to discuss any suggested conflict with respect to reasoning level required for the above jobs with the vocational expert at the hearing, but did not raise the issue until a post-hearing memorandum. The undersigned finds that the vocational experts testimony concerning the requirements to learn the job is sufficient to reconcile the issue of whether the light unskilled jobs cited are consistent with the hypothetical, the DOT, the Bureau of Labor s Occupational Requirements Survey and Social Security rules and regulations. Consistent with HALLEX I-2-5-48, the undersigned has considered the testimony of the vocational expert as well as considered all of the other evidence presently before the undersigned and weighed it appropriately. [Plaintiff's attorney's] objections are overruled, and the undersigned accepts the testimony of the vocational expert in accordance with SSR 00-4P.

(Tr. 56-58).

Courts within the Third Circuit have declined to adopt a categorical rule that a limitation to simple, routine, and repetitive tasks is inherently inconsistent with Reasoning Level 2 occupations.  Rather, the inquiry is more nuanced.  Even where a potential inconsistency exists, the Court must determine whether the ALJ's Step Five finding is otherwise supported by substantial evidence and whether any conflict has been adequately addressed.  Here, the Court cannot conclude that the ALJ's Step Five finding is supported by substantial evidence.

During the hearing, the ALJ posed a hypothetical question to the vocational expert, asking if an individual restricted to the limitations found in Plaintiff's RFC would be able to do perform

7

Plaintiff's past work.  (Tr. 1306-07).  The vocational expert responded in the negative because all of Plaintiff's prior work was "more than simple," and further testified in response that a person so limited could still perform work as (1) a price marker (DOT 209.587-034), (2) a routing clerk (DOT 222.687-022), and (3) an electrical assembler (DOT 729.687-010). (R. 56, 1307).  *Id.*  All of these jobs are Reasoning Level 2 jobs which, as per their DOT definitions, require the ability to carry out "detailed, but uninvolved" instructions.  (DOT, Appendix C).  On cross-examination, Plaintiff's counsel asked the vocational expert whether, because the hypothetical involved jobs requiring only simple instructions, "any jobs requiring any kind of detailed instructions" would be precluded, and the vocational expert answered in the affirmative.  (Tr. 1039-10).[2]

Plaintiff then objected to the vocational expert's testimony via letter dated December 23, 2023, pointing out that the vocational expert testified at the hearing that Plaintiff could perform jobs which the Dictionary of Occupational Titles ("DOT") describes as requiring detailed instructions (i.e., Reasoning Level 2 jobs), which conflicts with the ALJ's RFC finding that specifically called for work involving no more than "simple instructions".  (Tr. 274).  Moreover, Plaintiff pointed out the vocational expert's conflicted testimony wherein she testified that jobs requiring any kind of detailed instructions would be precluded by the specific restriction to "simple instructions".    (Tr. 274-275, 1310).  Plaintiff thus raised the apparent conflict between the occupational evidence provided by the vocational expert and the information in the DOT, which brings the requirements of SSR 00-4p into consideration.

In an effort to address this conflict, the ALJ's opinion states, in relevant part:

> The undersigned takes judicial notice that Level 2 Reasoning is

---

[2] The Court notes that the ALJ's opinion expressly acknowledges that this exchange had occurred on cross-examination.  (Tr. 57).

equivalent to reasoning at grades 4-6. Additionally, Level Reasoning 2 requires the ability to apply commonsense understating to carry out detailed but uninvolved written or oral instructions. During the hearing, the representative posed the following question to the vocational expert: given that the hypothetical calls for jobs involving only simple instructions, is it fair to assume that any job requiring any kind of detailed instructions would take it outside the hypothetical? The vocational expert responded in the affirmative (Hearing Testimony). The vocational experts affirmative response to a narrow question without the benefit of the full definition of the reasoning requirement language being questioned and thus any further context is not persuasive in this matter and nor does it render the entirety of her testimony unreliable. The representative crafted a question to the vocational expert that omitted the qualifying language of uninvolved that is used in defining the type of detailed tasks involved in Reasoning Level 2. When considering the full definition, the undersigned does not interpret Reasoning Level 2 to mean any detailed tasks would be precluded as all instructions including simple ones will contain some amount of detail but would not be complex by virtue of being simple in nature. Further, the undersigned finds that detailed but uninvolved instructions are consistent with the unskilled jobs provided above, which the vocational expert testified were within the hypothetical requiring no more than simple, routine, and repetitive instructions and tasks.

The hypothetical posed by the undersigned specifically included a limitation to short and simple instructions and tasks of a routine and repetitive nature. Short and simple instructions are typically the kind that can be learned in 30 days or less consistent with Social Security rules and regulations. Under SSR 85-15, the basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out and remember simple instructions, to respond appropriately to supervision, coworkers and usual work situations and to deal with changes in a routine work setting. POMS DI 25001.001A.86 defines unskilled work as work that requires little or no judgment to do simple duties that a claimant can learn on the job in a short period of time (i.e., 30 days or less). The undersigned asked the vocational expert what is required for the above unskilled jobs to be learned. The vocational expert testified that the above jobs overall could be learned and done with just demonstration. The claimants attorney had the opportunity to discuss any suggested conflict with respect to reasoning level required for the above jobs with the vocational expert at the hearing, but did not raise the issue until a post-hearing memorandum. The

undersigned finds that the vocational experts testimony concerning the requirements to learn the job is sufficient to reconcile the issue of whether the light unskilled jobs cited are consistent with the hypothetical, the DOT, the Bureau of Labor s Occupational Requirements Survey and Social Security rules and regulations. Consistent with HALLEX I-2-5-48, the undersigned has considered the testimony of the vocational expert as well as considered all of the other evidence presently before the undersigned and weighed it appropriately. Attorney Tovinskys objections are overruled, and the undersigned accepts the testimony of the vocational expert in accordance with SSR 00-4P.

(Tr. 57-58).

The Court finds that the vocational expert's statement, on cross-examination, that Plaintiff could not perform "any jobs requiring any kind of detailed instructions" fully undercut the vocational expert's previous testimony that Plaintiff could perform the three jobs identified. (Tr. 1310). In short, the vocational expert's testimony does not constitute substantial evidence which supports the ALJ's Step Five determination that jobs exist in the national economy that Plaintiff can perform.

The ALJ attempted to address this issue in the written decision, but the Court finds the ALJ's reasoning unpersuasive for several reasons. First, the ALJ incorrectly stated that Reasoning Level 2 involves "detailed tasks," but the DOT defines Reasoning Level 2 as requiring the ability to carry out "detailed but uninvolved written or oral instructions." (DOT, Appendix C). The ALJ also stated that Reasoning Level 2 is equivalent to grades 4-6 without providing a citation for the same. This Court does not see how these observations address the simple fact that the vocational expert testified that that Plaintiff could not perform "any jobs requiring any kind of detailed instructions." (Tr. 1310).

Further, the ALJ failed to resolve the actual conflict identified during the hearing as

10

required by SSR 00-4p.   Specifically, the ALJ failed to address the conflict between the vocational expert's testimony that jobs involving "any kind of detailed instructions" would be precluded by the RFC limitation to "simple instructions", and the DOT's definition that dictates that Reasoning Level 2 jobs require the ability to carry out "detailed but uninvolved instructions".   Additionally, the ALJ incorrectly concluded that Plaintiff's counsel's cross-examination to the vocational expert did not include "uninvolved" detailed instructions.   The record reflects that Plaintiff's counsel specifically asked whether jobs requiring "any kind of detailed instructions" would be inconsistent with the RFC limitation to "simple instructions", thus clearly encompassing all such jobs, including those involving "uninvolved" detailed instructions.   (Tr. 1309-10).   The Court is not convinced by the ALJ's suggestion that Plaintiff's counsel's failure to include the word "uninvolved" from the question would somehow alter the analysis.   The expert's testimony on cross-examination was quite clear: jobs involving "any kind of detailed instructions" would be precluded by the RFC limitation.   (Tr. 1310).   Jobs which require detailed but uninvolved instructions require one kind of detailed instructions, which the expert testified that Plaintiff cannot perform.

Thus, it is clear to the Court that the ALJ failed to adequately resolve the conflict as required by SSR 00-4p.   The ALJ's decision at Step Five is not supported by substantial evidence. At Step Five, the Commissioner bears the burden of proof, and that burden was not met.   The Commissioner's decision will be vacated and remanded for further proceedings.   Because the Court is vacating and remanding on the merits of Plaintiff's Step Five argument, the Court need not address Plaintiff's remaining arguments.

## IV.    CONCLUSION

For the foregoing reasons, the Commissioner's decision is **VACATED and REMANDED**

for further proceedings in accordance with this Opinion.

An appropriate Order accompanies this Opinion.

/s/ Stanley R. Chesler

STANLEY R. CHESLER, U.S.D.J.

Dated: May 22, 2026